UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ALDEN BORDELON                                    CIVIL ACTION

VERSUS                                               NO.05-2640

THE INDEPENDENT ORDER OF FORESTERS          SECTION "K" (1)
AND BRIAN K. MARTIN

<u>ORDER</u>

Before the Court is plaintiff's Motion to Remand (Rec. Doc. 8).  Both defendants filed

oppositions.  Having considered the petition, memoranda, and relevant law, the Court denies

plaintiff's motion.

<u>BACKGROUND</u>

In February of 2003, Laveta Bordelon, wife of Alden Bordelon, applied for a life

insurance policy with the Independent Order of Foresters ("IOF").   A life insurance policy was

issued to Laveta Bordelon with Alden Bordelon, her husband, named as beneficiary.  According

to plaintiff's petition, "Brian Martin, the insurance agent representing and compensated by IOF,

filled out the application with information provided by him by the Bordelons."  *See* Complaint, ¶

6.  On the insurance application, Laveta Bordelon disclosed that she had seen Dr. Marsi Asidifer

and had last seen him in June 2002.  *Id.* at ¶ 7. In Part II, the Medical Declaration of the

application, Laveta Bordelon disclosed that she had been taking medication from Dr. Asidifer. *See* Deft Brian Martin's Exh.A.   On the Medical Declaration, the information provided regarding Dr. Asidifer and the medication prescribed refers to Ms. Bordelon's medical condition of hypothyroidism.   *Id.* Medical Declaration, signed by Laveta Bordelon,  March 7, 2003.   On August 6, 2004, Ms. Bordelon died in Jefferson Parish.   Thereafter, IOF refused to pay Alden Bordelon's claim, alleging that Laveta Bordelon made false statements on her application and/or omitted information on her application.   *See* Petition ¶ 11.   Specifically, IOF asserted that she failed to disclose that she had received medication for depression and anxiety.   *Id*.   Alden Bordelon filed suit against IOF and Brian Martin on May 17, 2005.   Plaintiff alleges that IOF refused to pay the proceeds of the policy arbitrarily, capriciously, unreasonably, in bad faith and without probable cause.   *Id*. at ¶ 14.   Plaintiff alleges that Brian Martin, as insurance agent for IOF, did not exercise the proper care as a fiduciary in completing the application for life insurance.   *Id.* at ¶ 16.   On June 27, 2005, defendant, IOF, removed this action to federal court contending that Brian Martin was fraudulently joined in this matter.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), an action filed in state court may be removed to federal court if the action is one over which the federal court has subject matter jurisdiction.   The burden of establishing jurisdiction is on the party seeking removal.   *Jernigan v. Ashland Oil, Inc*., 989 F.2d 812, 815 (5th Cir.1993).   In the motion to remand, the non-movant carries a heavy burden in establishing fraudulent joinder and must demonstrate it by clear and convincing evidence.   *Id.* at  814.   In an *en banc* decision, the Fifth Circuit departed from its use of the term  "fraudulent joinder" and adopted the term "improper joinder, " noting there is no substantive difference

2

between the two terms. *Smallwood v. Illinois Central Railroad* Co., 385 F.3d 568, 571, n.1(5th Cir.2004). The Court emphasized the purpose of the improper joinder inquiry is to determine the appropriateness of joinder, not the merits of the case. *Id*. at 574. There are two ways to establish improper joinder: "'(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Id*. (citing *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir.2003)). In the instant matter, the second way to establish improper joinder is before the Court. The appropriate test is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against the in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573 (*citing Travis*, 326 F.3d at 646-47). The Fifth Circuit in *Travis* further explained: "[T]he question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved. If that possibility exists, a good faith assertion of such an expectancy in a state court is not a sham, is not colorable and is not fraudulent in fact or in law." *Travis*, 326 F.3d at 647. This possibility that state law may impose liability, however, must be reasonable, not merely theoretical. *Id* at 648.

A district court may resolve improper joinder claims in two ways. The first is that a court may conduct a Rule 12(b)(6) type analysis, looking initially at the allegations of the complaint to determine whether the plaintiff has alleged a claim under state law against the in-state defendant. *Smallwood*, 385 F.3d at 573. The second way involves those cases in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. *Id*. In these cases, hopefully few in number, the district court may, in its discretion,

pierce the pleadings and conduct a summary inquiry.  *Id*.  The Fifth Circuit cautioned "that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant . . . [a]ttempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits."  *Id*. at 574-75.  Furthermore, district courts should resolve all disputed questions of fact and substantive law in favor of the plaintiff.  *Jackson v. Pneumatic Prod. Corp*., 2001 WL 238214, at *1 (E.D.La.2001).  Finally, "[i]f the right to remove is doubtful, the case should be remanded."  *Sullivan v. Gen-Corp, Inc*., 1995 WL 321743, at *2 (E.D.La. 1995) (Duval, J.)(quoting *Ryan v. Dow Chemical Co.*, 781 F.Supp. 934, 939 (E.D.N.Y.1992)).

## ANALYSIS

Defendants argue that the claim against Mr. Martin is perempted; thus, the plaintiff has no possibility of recovering from Mr. Martin in the lawsuit.  Defendants argue that because the plaintiff's claim against Mr. Martin is a claim against an insurance agent, arising out of an engagement to provide insurance services, it is governed by the provisions of La. R.S. 9:5606.  This statute provides:

> A. No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year **from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered.** However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
>
> B. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.

C. The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953.

D. The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.

(emphasis added).  LA. REV. STAT. ANN. §9:5606 (West 2004).  Defendants argue that in order for plaintiff's claims against Brian Martin to be timely, it had to be filed within one year of the date of Mr. Martin's act, omission, or neglect that forms the basis of plaintiff's claims against him, or alternatively, the claim had to be filed within one year of plaintiff's discovery of Mr. Martin's act, omission, or neglect.  Defendants point out that Mr. Martin met with Ms. Bordelon in February 2003 and assisted her in filling out the application.  Defendants state that assuming for purposes of the motion to remand that Mr. Martin filled out the application form, rather than Ms. Bordelon, everything that Mr. Martin wrote on the application form was available to both Mr. and Ms. Bordelon for their approval.  On February 27, 2003, Ms. Bordelon signed the application form.  *See* Deft's Exh. A.  Subsequently, a change in application form was signed by Ms. Bordelon in April 2003 when she, once again, confirmed the veracity and completeness of the answers.  *See* Deft's Exh. B.  Defendants argue that if there were any incorrect or incomplete responses on the application form, they could have been or should have been discovered at that time.  Finally, the defendants argue that Ms. Bordelon had another chance to discover any incorrect or incomplete responses on the form, as Ms. Bordelon was given the right to cancel the policy following a ten-day examination period.  *See* Deft's Exh. C. Defendants argue that more than one year has elapsed from the three dates described above, all of which occurred in February and April 2003; thus, any claim of the Bordelons against Brian

Martin are perempted because this lawsuit was filed on May 17, 2005.

Plaintiff argues the  Bordelons were not aware of any acts or omissions or any problems with the insurance application, until the policy was denied in February 2005.  They did not contact the agent to cure any  problem because they did not know of any problem  with the application until the claim was denied.   Plaintiff  asks the to Court interpret  the application of La. R.S. 9:5606 in a way contrary to prior decisions.  Plaintiff  contends that  the "act, omission, or neglect" that would give rise to liability and warrant the application of La. R.S. 9:5606 does not occur until the denial of benefits.

The Court agrees with defendants' application of the statute to the facts herein and follows prior cases on this issue.  In *Bel v State Farm Mutual Automobile Ins*. Co., 845 So.2d 377 (La. App. 1 Cir. 2/14/03), the Court found that plaintiff's claims were perempted and began on the date when the agent allegedly misrepresented the type of coverage issued and allegedly gave bad advice.  *Id*. at 380-381.  The Court stated, "[a]ccording to La. R.S. 9:5606(A), the three-year peremptive period commences on the date of the alleged act, omission, or neglect." *Id*.  The Court further found that the duty the insurance agent owed related to the "obtaining of the waivers rejecting UM coverage."  *Id*. at 380.  Thus, the Court calculated the time of peremption from the time the plaintiffs signed a form rejecting UM coverage.  *Id*. at 381.  *See also*, *Travelers Cas. & Sur. Co. of America v. Wright Ins. Agency Inc*. 404 F.3d 927, 929 (5th Cir. 2005)(" The legislature has made clear in subpart (D), however, that both the three-year limitation *and* the one-year limitation are considered peremptive, not prescriptive. Thus, the right is triggered when the underlying *act* is discovered. . . ").  *See also, Yates v. Southwestern Life Ins. Co.*, 1998 WL 60133 at *3(E.D.La.)("The clear language of this provision requires plaintiffs

to file their claims against [insurance agent] [ ] within a year of his alleged act, omission, or neglect."). Therefore, the Court finds that the peremptive period began to run from the time Mr. Martin assisted in filling out the application for Ms. Bordelon, that is, February 2003. The Petition specifically alleges: "Brian K. Martin, as insurance agent for IOF did not exercise the proper care as a fiduciary **in completing the application for life insurance**." *See* Petition at ¶ 16 (emphasis added). The Court further agrees with defendants that the Bordelons should have known or discovered any deficiencies in the application that were allegedly the fault of Mr. Martin when Ms. Bordelon was given the opportunity to review the application form thereafter. It was, after all, the medical history of Ms. Bordelon that is issue here. It was incumbent upon her to discover the absence or omission of such, which the defendant gave sufficient opportunity to discover. Therefore, the Court finds that the claim against Mr. Martin is perempted.

Alternatively, the Court finds that based upon the specific facts alleged Mr. Martin had no duty to the plaintiff in this instance. IOF's refusal to pay the proceeds of the life insurance policy is due to Ms. Bordelon's failure to disclose a specific medical condition and specific medication taken by Ms. Bordelon. However, plaintiff alleges that Mr. Martin's failure to exercise the proper care in completing the application of the life insurance policy is partly the cause of the injury. The Court must consider " whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved. " *Travis*, 326 F.3d at 647. "This possibility that state law may impose liability, however, must be reasonable, not merely theoretical." *Id* at 648. The Court finds that plaintiff's cause of action is not reasonable, as plaintiff's claim assumes that Mr. Martin knew or should have known of these particular medical conditions of Ms. Bordelon and deliberately did not mark them on the application form

himself, or, if these conditions were disclosed to him, he advised Ms. Bordelon not to mark them on the application.   The plaintiffs present no such allegations or facts.  The Court finds that plaintiff herein has failed to allege or establish that Mr. Martin breached a duty to plaintiffs.  The plaintiff's allegations are conclusory at best.  There is no allegation on how Mr. Martin breached any alleged duty; neither does plaintiff provide an affidavit or any other similar evidence supporting this.   Furthermore, plaintiff has failed to provide any legal basis for his argument regarding duty.

The Court finds there could be no reasonable basis that state law might impose liability on Mr. Martin based on the facts and allegations involved herein.  *See also*, *James v. Allstate Life Insurance Co.*, 1997 WL 5917 (E.D.La.) where the Court found there was no negligence or misconduct by the agent in preparing the application.  This case is about whether Ms. Bordelon disclosed her medical history appropriately in filling out the application.  As stated, if it were the fault of Mr. Martin in not accurately filling out the application based upon what she told him, that omission would have been very evident to her at least on two occasions.  Mr. Martin is simply not an appropriate defendant here and shall be dismissed.  However, the Court notes that this opinion does not go to the merits of the claim against the insurer, i.e., the materiality of the breach, if any.   Accordingly,

**IT IS ORDERED** that plaintiff's Motion to Remand (Rec. Doc. #8) is **DENIED**.

New Orleans, Louisiana, this   26th   day of August, 2005.

_____

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**